UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS


ALLAN FELKINS and
DEBBIE FELKINS                                                          PLAINTIFF

v.                              CASE NO. 5:19-cv-05099-PKH

THE UNITED STATES OF AMERICA                                           DEFENDANT

## COMPLAINT

COMES NOW the Plaintiffs, Allan Felkins and Debbie Felkins, by and through their counsel, Don R. Elliott, Jr., Elliott & Smith Law Firm, and for their Complaint against the United States of America, state as follows:

## INTRODUCTION

1.      This is an action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671-2680 and 28 U.S.C. §1346(b)(1), for personal injury due to negligence in misdiagnosing Allan Felkins as not having cancer, when at the time of his reading by the Fayetteville Veterans Administration Hospital in Fayetteville, AR, there was an unequivocally obvious malignant lesion.

2.      A Standard Form 95 was timely filed for each Plaintiff alleging that Plaintiff, Allan Felkins was misdiagnosed on August 31, 2017, and suffered certain damages and losses, and that due to the severity of his injuries, Plaintiff, Debbie Felkins, suffered a loss of consortium. The receipt of the Standard Form 95's were acknowledged on November 5, 2018, and the claims were denied by letter on April 24, 2019 on the basis the claim is not

amenable to administrative resolution. A copy of the denial letter is attached hereto and incorporated herein as Exhibit 1. The filing of this suit is timely.

## PARTIES

3.      Plaintiffs are husband and wife. They are and have been at all relevant times residents of Gentry, Benton County, Arkansas.

4.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Fayetteville Veterans Affairs Hospital (hereinafter "VA") in Fayetteville, Washington County, Arkansas.

5.      At all times relevant to this Complaint, the directors, officers, operators, administers, employees, agents, and staff of the VA were employed by and/or acting on behalf of the Defendant within the scope of their employment. Defendant is responsible for the negligent acts or omissions of its employees and agents under the doctrine of *respondeat superior* and under the *Federal Tort Claims Act*.

## JURISDICTION

6.      Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

## VENUE

7.      Venue is proper under 28 U.S.C. § 1402(b) as the acts herein complained of occurred in the Western District of Arkansas.

## FACTUAL ALLEGATIONS

8.      On or about August 31, 2017, Plaintiff Allan Felkins examined at the VA for a computerized tomography ("CT") scan of his Abdomen and Pelvis with and without contrast.

2

The CT scan was read as, "no acute intra-abdominal or pelvic abnormality as an explanation for weight loss." However, this was a misdiagnosis and incorrect reading falling below the applicable standard of care. There was in fact an unequivocally obvious malignant lesion which was not identified by the radiologist.

9. On September 22, 2018, a CT abdomen/pelvis with and without contrast was performed which showed numerous metastasized liver lesions with small perihepatic ascites.

10. Due to the misdiagnosis on August 31, 2017, there was over a year's delay in Allan Felkins receiving cancer treatment. This delay of treatment caused a loss of chance and a significant reduction in a chance of survival.

11. As a direct and proximate result of the misdiagnosis, Allan Felkins cancer treatment was delayed by a year and he has incurred pain and suffering, mental anguish, disability, permanent injury, medical expenses, lost wages, and loss of earning capacity.

12. The Fayetteville Veterans Administration Hospital failed to apply with reasonable care, the degree of skill and learning ordinarily possessed and used by members of their profession in good standing engaged in the same type of medical service in the same locality in which they practice, or a similar locality.

## NEGLIGENCE

13. Plaintiffs incorporate paragraphs 1-12 herein by reference as if fully stated herein.

14.     The Fayetteville Veterans Administration Hospital's care of Allan Felkins was negligent in making the following choices:

a.     Acting below the standard of care by failing to diagnose the unequivocally obvious malignant lesion in Plaintiff's abdomen.

b.     Acting below the standard of care by failing to inform Plaintiff of the cancerous lesions, which led to over a year's delay in Plaintiff receiving cancer treatment.

## DAMAGES

15.     As a direct and proximate result of defendant's negligence, Plaintiff has suffered the losses and injuries set out below:

(a)     Over a year's delay in cancer treatments, causing a loss of chance and significant reduction in chance of survival;

(b)     past and future pain and suffering;

(c)     past and future mental anguish;

(d)     loss of earnings and earning capacity;

(e)     past and future medical expenses and rehabilitation expenses; and

(f)     nature, extent and duration of the injury.

16.     That Allan Felkins and Debbie Felkins were married on August 20, 2010, and were married at all times alleged herein and therefore, Debbie Felkins has incurred a loss of marriage relationship and is entitled to compensation for loss of consortium.

17.     Defendant United States of America is liable under the Arkansas common law and under the Federal Tort Claims Act for the negligent acts and omissions of the

4

administrators, directors, officers, operators, employees, agents, and staff of the VA, all of whom were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts or omissions of its employees and agents under the doctrine of *respondeat superior.*

18.    Plaintiffs state that by reason of their injuries they are entitled to recover of and from the Defendant, exclusive of interest and costs, the sum of $7,500,000.

WHEREFORE, Plaintiffs pray that they be awarded judgment against the Defendant in the amount of $7,500,000 and for such other relief as the nature of the case may allow.

ALLAN AND DEBBIE FELKINS,
HUSBAND AND WIFE, PLAINTIFFS

/s/ Don R. Elliott, Jr.

By:
_____
DON R. ELLIOTT, JR., ABA #78047
ELLIOTT & SMITH, P.A.
4302 N. Waterside Court
P.O. Box 9090
Fayetteville, AR  72703
(479) 587-8423
(479) 575-0039 – fax
delliott@elliottsmithlaw.com

ATTORNEY FOR PLAINTIFFS

5



**VA** | U.S. Department of Veterans Affairs
Office of General Counsel

Torts Law Group (02)
810 Vermont Avenue, NW, Suite 1127
Washington, DC 20420

Telephone: (202)461-4900
Fax: (202)273-6385
In Reply Refer To: GCL 397629

<u>Certified Mail</u>

April 24, 2019

Elliott & Smith Law Firm
4302 North Waterside Court
P.O. Box 9090
Fayetteville, AR  72703

RECEIVED

APR 2 9 2019

> Re:    Administrative Tort Claim Regarding Veteran Allan Felkins

Dear Mr. Elliott:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding your clients' (Allan & Debra Felkins) administrative tort claim.

After careful consideration by this office of your position relative to the valuation of this claim, we have determined that the claim is not amenable to administrative resolution. Accordingly, this claim is hereby denied.

If your clients are dissatisfied with the denial of their claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680.  Such a suit must be initiated within six months of the mailing of this notice of denial as shown by the date of this letter (28 U.S.C. § 2401(b)).  In any such lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws.  Some state laws may limit or bar a claim or law suit.  VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

E. Douglas Bradshaw, Jr.
Chief Counsel